UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
BELLA BELLA, INC.,

              Plaintiff,

  -against-                           00 Civ. 7369 (KMW)(THK)
                                         <u>ORDER</u>
DONNA MESSENGER,

              Defendant.

----------------------------------------X
WOOD, U.S.D.J.:

     Plaintiff Bella Bella, Inc. ("BBI" or "Plaintiff") brought this action against Defendant Donna Messenger ("Defendant"), an officer and shareholder of BBI, for, <u>inter</u> <u>alia</u>, breach of fiduciary duty, self-dealing, and trademark infringement relating to skin cream sold under the trademark "CRYSTAL CLARITY."  After protracted pretrial discovery, the Court entered default judgment against Defendant for her failure to comply with Court orders, and referred the case to Magistrate Judge Theodore H. Katz for an inquest.  Order, May 21, 2003.  On March 30, 2005, the parties entered into a settlement agreement; the Court accordingly issued a Stipulation of Discontinuance on June 28, 2005.  The terms of the Stipulation stated that, if Defendant failed to cure a breach within ten days, Plaintiff could request that the Court reopen the matter for purposes of determining the damages Defendant owed.  Order, June 28, 2005.

     On October 18, 2005, the Court reopened the case and referred the case back to Magistrate Judge Katz for an inquest

into damages.  By report and recommendation dated December 15, 2006 (the "Report"), Magistrate Judge Katz recommended that the Court enter default judgment against Defendant in the amount of $57,072.00.

The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), in conjunction with Rules 6(a) and 6(e), of the Federal Rules of Civil Procedure, they had ten days from service of the Report to serve and file any objections.  The Report also informed parties of their opportunity to request an extension of time to file objections.  Finally, the Report explicitly cautioned that failure to file timely objections would preclude appellate review.

No objections have been filed, and the time to object has expired.  See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993).  The Second Circuit "ha[s] adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); "[t]he Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object." id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).  Furthermore, the Court has reviewed the Report, and finds it to be well-reasoned and free of any "clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory

committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).  The Court therefore accepts and adopts the Report.

Accordingly, the Court directs the Clerk of Court to enter default judgment against Defendant in the amount of $57,072.00, and to close the case.  Any pending motions are moot.

SO ORDERED.

Dated:    New York, New York
          January 8, 2007

_____
Kimba M. Wood
United States District Judge